DEC 18 2025 PM 12:35
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

LUCAS ALEXANDER TEMPLE

CASE NO. 8:25-cr-581-MSS-AAS

26 U.S.C. § 5861(d)
(Possession of Unregistered Firearm)
26 U.S.C. § 5861(h)
(Possession of Firearm with Removed Serial Number)
18 U.S.C. § 2252(a)(2)
(Receipt of Child Pornography)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
**(Possession of Unregistered Firearm)**

From an unknown date and continuing through on or about November 20, 2025, in the Middle District of Florida, the defendant,

LUCAS ALEXANDER TEMPLE,

knowingly possessed a firearm, as defined in 26 U.S.C. § 5845(a)(1) and (d), namely, a Savage Arms Springfield Model 67 Shotgun (S/N: C542629), having a barrel or barrels of fewer than 18 inches in length, not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5841.

In violation of 26 U.S.C. § 5861(d) and 5871.

## COUNT TWO
### (Possession of Firearm with Removed Serial Number)

From an unknown date and continuing through on or about November 20, 2025, in the Middle District of Florida, the defendant,

### LUCAS ALEXANDER TEMPLE,

knowingly possessed a firearm, as defined in 26 U.S.C. § 5845(a)(1), namely, a Highpoint Firearms, Model C9, 9mm Luger, having a serial number that is obliterated, removed, changed, and altered.

In violation of 26 U.S.C. § 5861(h) and 5871.

## COUNT THREE
### (Receipt of Child Pornography)

On or about April 30, 2025, in the Middle District of Florida, and elsewhere, the defendant,

### LUCAS ALEXANDER TEMPLE,

did knowingly receive a visual depiction, that is, the visual depiction in the computer file titled part8362060206732747281.mms, using any means and facility of interstate and foreign commerce when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT FOUR
### (Receipt of Child Pornography)

On or about June 10, 2025, in the Middle District of Florida, and elsewhere, the defendant,

LUCAS ALEXANDER TEMPLE,

did knowingly receive a visual depiction, that is, the visual depiction in the computer file titled part5790916447415811197.mms, using any means and facility of interstate and foreign commerce when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 26 U.S.C. §§ 5841, 5861, 5871, or any other criminal law of the United States, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation. The property to be forfeited includes, but is not limited to, the following:

    a. Savage Arms Springfield Model 67 Shotgun (S/N: C542629)

    b. Highpoint Firearms, Model C9, 9mm Luger.

3. The allegations contained in Counts Three and Four are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

4. Upon conviction of a violation of 18 U.S.C. § 2252(a)(2), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

5. The property to be forfeited includes, but is not limited to, a black, Samsung cellular phone, IMEI 355561776989081, that was used to commit the offenses charged in Counts Tree and Four.

6. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

███████████████
Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____
Risha Asokan
Assistant United States Attorney

By: _____
Lauren Stoia
Assistant United States Attorney

By: _____
Daniel Baeza
Assistant United States Attorney
Chief, National Security and International Narcotics Section

5

FORM OBD-34
December 25

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

LUCAS ALEXANDER TEMPLE

INDICTMENT

Violations: 26 U.S.C. § 5861(d); 26 U.S.C. § 5861(h); 18 U.S.C. § 2252(a)(2)

A true bill,

_____
Foreperson

Filed in open court this 18th day

of December, 2025.

_____
Clerk

Bail $_____

GPO 863 525